**RECEIVED**
CHARLOTTE, N.C.

MAY - 4 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:05CR93-V |
| v. | ) | |
| | ) | PROTECTIVE ORDER |
| ERIK B. BLOWERS | ) | |

### PROTECTIVE ORDER

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Standard Criminal Discovery Order applicable in this District, it is hereby ORDERED as follows:

1. Except as provided below, counsel for the defendant in the above-captioned case ("defense counsel") shall make no disclosure of any warrants, applications or affidavits that were made in connection with the search warrant authorized by United States Magistrate Judge Ervin Swearingen of the Asheville Division in case number 1:04M65 ("search warrant materials"), see Attachment A, and shall make no disclosure of the contents of any search warrant materials.

2. Defense counsel may use the search warrant materials, and the contents thereof, solely for the purpose of preparing a defense to the charges pending in the above-captioned case.

3. Defense counsel may disclose the search warrant materials, and the contents thereof, to the following individuals: (1) the defendant, (2) other counsel of record in the pending case, (3) any associate, paralegal, stenographic or clerical employee involved in the defense of this case, (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in this case, (5) persons identified in the communication to be disclosed as present during such communication or a participant therein, and (6) any other person upon order of the Court and upon a showing of particularized need.

1

4.  Nothing in this Order shall prevent defense counsel from disclosing said search warrant materials, or the contents thereof, to a prospective witness for the defense where counsel has made a good faith determination that such disclosure is necessary to the proper preparation of the defense.  Further, nothing in this Order shall prevent defense counsel from disclosing said search warrant materials, or the contents thereof, in any public filing with this Court where counsel has made a good faith determination that such disclosure is necessary to the proper preparation of the defense.

5.  Defense counsel shall not disclose search warrant materials, or the contents thereof, to any person without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order.  Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents of the Order fully explained to him or her by defense counsel.  Defense counsel shall maintain a list of the names of all such persons and a copy of their acknowledgment and shall file original acknowledgments with the Court in camera.

6.  Upon the termination of these proceedings, all search warrant materials shall be returned forthwith to the Government or to the Court absent further court order to the contrary.

SO ORDERED this 12th day of May 2005, at Charlotte, North Carolina.

RICHARD VOORHEES
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

### Search Warrant, Misc. No. 1:04M65

| Location | Date Signed |
|---|---|
| Federal Bureau of Investigation<br>Charlotte Field Office<br>400 S. Tyron Street, Suite 900<br>Charlotte, North Carolina 28285 | 09/01/04 |